NOT DESIGNATED FOR PUBLICATION

No. 118,903

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERRY Y. LUMIANGU,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 30, 2018. Affirmed.

*Christopher S. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  Jerry Y. Lumiangu appeals the district court's denial of his postsentence motion to withdraw his plea, claiming that he should have been allowed to withdraw his plea in order to correct manifest injustice. Finding no abuse of discretion, we affirm the district court's judgment.

1

On April 23, 2015, the State charged Lumiangu with aggravated indecent solicitation of a child, a severity level 5 offense. The State later amended the charge to indecent solicitation of a child, a severity level 6 offense.

The State and Lumiangu's counsel, Keith Martin, negotiated for a plea deal. Lumiangu is a refugee from central Africa, so he was primarily concerned with the consequences a conviction for such a crime would have on his immigration status and the possibility of being deported. Lumiangu and Martin initially believed that pleading to a severity level 8 offense might lessen his chances of being deported.

In May 2016, the State and Lumiangu drafted and agreed upon a written plea agreement in which Lumiangu agreed to plead guilty as charged to indecent solicitation of a child, a severity level 6 offense. But based on the possibility that pleading to a lower severity level offense might reduce the chances of deportation, the parties included the following contingency provision as part of the written plea agreement:

> "g. State will amend to Attempt Indecent Solicitation of a Child, SL8 if Defendant supplies the District Attorney a written opinion from an immigration attorney (and a waiver so the District Attorney can speak to the lawyer if desired) that a plea to Solicitation SL6 would place Defendant in jeopardy of deportation. If Defendant doesn't get such an opinion or if the opinion is that Defendant will be deported as a consequence of either level of conviction, Defendant will plead to Solicitation SL6; Defendant will waive a jury Monday morning, May 23, 2016."

Based on the unsigned plea agreement, Lumiangu waived his right to a jury trial on May 23, 2016. According to Martin's later testimony, he then consulted with an immigration attorney, Jessica DeVader, about the applicability of the contingency provision. At least some, if not all, of the consulting took place by email, and these email

communications were also shared with Lumiangu. DeVader opined that Lumiangu would not necessarily be deported for pleading guilty to a felony, and that his chances of being deported did not depend on whether he was convicted of a severity level 6 or 8 offense. DeVader explained that the federal government would consider other factors, such as the danger in deportation, when deciding whether deportation was appropriate.

On September 8, 2016, after receiving the opinion from DeVader, Lumiangu signed the written plea agreement, as well as an acknowledgement of his rights and entry of plea. That same day, Lumiangu pled no contest to indecent solicitation of a child, a severity level 6 offense. During the hearing, the district court engaged in a detailed plea colloquy with Lumiangu, explaining his rights and the consequences of entering the plea.

On November 4, 2016, the district court sentenced Lumiangu to 17 months' imprisonment, including lifetime postrelease supervision. The district court placed Lumiangu on probation for 24 months to be supervised by court services.

On August 9, 2017, with new counsel, Lumiangu filed a motion to withdraw his plea. In the motion, Lumiangu argued, among other things, that he did not understand the severity level of the crime to which he pled no contest and that he had not been properly advised of the immigration consequences of his plea.

The district court held a hearing on the motion on November 14, 2017, and both Martin and Lumiangu testified. Martin testified that he fully informed Lumiangu about the immigration consequences of his plea and that Lumiangu understood that he was pleading no contest to a severity level 6 offense. Martin explained that after the plea agreement was drafted with the subsection (g) contingency provision, he learned from DeVader that Lumiangu's chances of deportation did not depend on whether he was convicted of a severity level 6 or 8 offense. Martin testified that he provided all this information to Lumiangu, and he still wanted to plead no contest to indecent solicitation

3

of a child as charged. Lumiangu testified, in essence, that he did not know whether he was pleading to a severity level 6 or a severity level 8 crime because the written plea agreement mentioned both crimes. He testified that he just went along with what Martin told him to do because he did not know any better.

Ruling from the bench, the district court denied the motion. The district court found Martin's testimony more credible than Lumiangu's testimony. The district court acknowledged that the written plea agreement was "no model of drafting." But based on the testimony at the hearing, as well as the plea colloquy and the written plea agreement, the district court found that denying Lumiangu's motion would not result in manifest injustice. Lumiangu timely appealed the district court's decision.

## ANALYSIS

On appeal, Lumiangu asserts that he should have been allowed to withdraw his plea in order to correct manifest injustice. Conversely, the State argues that the district court did not abuse its discretion in denying Lumiangu's motion to withdraw his plea.

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2017 Supp. 22-3210(d)(2). In exercising its discretion, the district court should evaluate whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

An appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an

4

error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

In denying Lumiangu's motion to withdraw his plea, the district court found that (1) Lumiangu was represented by competent counsel, (2) he was not coerced into pleading, and (3) he fairly and understandingly pled no contest to indecent solicitation of a child, a severity level 6 offense. Martin and Lumiangu both testified at the plea withdrawal hearing, in contradictory manners. The district court explicitly found that Martin's testimony was credible and Lumiangu's testimony was self-serving. We will not reweigh the district court's credibility finding on appeal. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

The district court acknowledged that the written plea agreement was "no model of drafting." The problem in this case is that the plea agreement was drafted in May 2016 but was not signed by Lumiangu until the hearing on September 8, 2016. So by the time the plea agreement was signed, the contingent provision on deportation had already been resolved and subsection (g) of the plea agreement was essentially moot. Despite the potential confusion caused by subsection (g) of the written plea agreement, the record on appeal abundantly supports the district court's findings that Lumiangu was not coerced into pleading no contest and that he understood the consequences of the plea.

Martin's testimony—which the district court chose to believe over Lumiangu's testimony—was that he fully informed Lumiangu about the immigration consequences of his plea and that Lumiangu understood that he was pleading no contest to a severity level 6 offense. Martin explained that after the plea agreement was drafted with the subsection (g) contingency provision, he learned from DeVader that Lumiangu's chances of being deported did not depend on whether he was convicted of a severity level 6 or 8 offense.

Martin testified that he provided all this information to Lumiangu, and he still wanted to plead no contest to indecent solicitation of a child as charged.

Also, the plea colloquy at the hearing on September 8, 2016, which the district court considered in ruling on the motion, shows that Lumiangu understood his rights and that he voluntarily agreed to plead no contest to a severity level 6 offense. The district court informed Lumiangu that he was pleading to indecent solicitation of a child, a severity level 6 offense, and apprised him of the possible sentences, to which Lumiangu stated he understood. The district court also reviewed the plea agreement with Lumiangu. During that review, the district court once again covered that Lumiangu was pleading to a severity level 6 crime of indecent solicitation of a child. In summarizing the plea agreement in open court, the district court stated that Lumiangu "has been advised pursuant to the *Padilla* decision in this case about his exact immigration status and that [his plea] can result in deportation." Lumiangu confirmed that he understood.

In sum, the record supports the district court's finding that denying Lumiangu's postsentence motion to withdraw his plea would not result in manifest injustice. As a result, we conclude the district court did not abuse its discretion in denying the motion.

Affirmed.

6